# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-1939V
UNPUBLISHED

|  |  |
|---|---|
| CYNTHIA ALEXANDER,<br><br>                     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                     Respondent. | Chief Special Master Corcoran<br><br>Filed: June 4, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.*

*Dhairya Divyakant Jani, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On December 13, 2017, Cynthia Alexander filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act."). Petitioner alleges that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of her December 19, 2016 influenza ("flu") vaccine. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 17, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On June 3, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $112,803.13 (comprised of $105,000.00 for pain and suffering and $7,803.13 in unreimbursable

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

expenses).  Proffer at 1-2.  In the Proffer, Respondent represented that Petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $112,803.13 (comprised of $105,000.00 for pain and suffering and $7,803.13 in unreimbursable expenses) in the form of a check payable to Petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
CYNTHIA ALEXANDER,                    *
                                      *
          Petitioner,                 *
                                      *
v.                                    *        No. 17-1939V (ECF)
                                      *        CHIEF SPECIAL MASTER
                                      *        BRIAN H. CORCORAN
                                      *
SECRETARY OF HEALTH                   *
AND HUMAN SERVICES,                   *
                                      *
          Respondent.                 *
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On September 12, 2019, respondent filed a Vaccine Rule 4(c) report concluding that petitioner suffered an injury (SIRVA) that is compensable under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-10 to -34.  Accordingly, on September 17, 2019, Special Master Dorsey issued a Ruling on Entitlement, finding petitioner, Cynthia Alexander, entitled to Vaccine Act compensation for her Table SIRVA injury.

### I.      Amount of Compensation

Respondent now proffers that, based on the Special Master's entitlement decision and the evidence of record, petitioner should be awarded $112,803.13.[1]  This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

---

[1] The parties have no objection to the amount of the proffered award of damages.  Assuming the special master issues a damages decision in conformity with this proffer, the parties waive their right to seek review of such damages decision.

**II.     Items of Compensation and Form of the Award**

The parties recommend that the compensation provided to petitioner should be made

through a lump sum payment described below, and request that the Chief Special Master's

damages decision and the Court's judgment award the following: [2]

A.  Petitioner's Damages

A lump sum payment of $112,803.13 (comprised of $105,000.00 for pain and suffering

and $7,803.13 in unreimbursable expenses) in the form of a check payable to petitioner, Cynthia

Alexander.

B.  Guardianship

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

2

*/s/ DHAIRYA D. JANI*
DHAIRYA D. JANI
Trial Attorney
U.S. Department of Justice
Torts Branch, Civil Division
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 616-4356

Dated:  June 3, 2020